IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth R. Thompson, | : | |
| Plaintiff | : | Civil Action 2:99-cv-1404 |
| v. | : | Judge Sargus |
| Small Business Administration, | : | Magistrate Judge Abel |
| Defendant | : | |

## ORDER

This matter is before the Court pursuant to Plaintiff's Motion for Reconsideration (Doc. 38). On May 21, 2012, Plaintiff filed a motion to vacate the judgment in this and all related cases and to grant him summary judgment (Doc. 36). On May 24, 2012, the Court entered an order denying Plaintiff's motion, stating:

> Twelve years has passed since the Court issued its judgment in this case and nine years ago the Court denied Plaintiff's motion to set aside the judgment. Plaintiff now moves again to have the judgment, in this case and others, set aside. Leaving aside the fact that the Court has already considered Plaintiff's request and the fact that this Court cannot set aside the judgments of other courts, Rule 60 of the Federal Rules of Civil Procedure requires a request for relief from judgment to be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Filing a request for relief twelve years after the judgment was issued is not within a reasonable time. Accordingly, Plaintiff's motion is not well taken.

(Doc. 37 at 1-2.)

Plaintiff now again urges the Court to vacate the judgment in this and

1

related cases, arguing that he does not move for relief from final judgment under Rule 60(c)(1) ("mistake, inadvertence, surprise, or excusable neglect"), but rather under Rule 60(d)(3) ("fraud on the court"). He argues again that he has never enjoyed a "full and fair opportunity to litigate" any of his claims, due to the misconduct of various federal officials. However, as the Court stated in its prior order:

> This Court's November 8, 2000, judgment was affirmed by the United States Court of Appeals for the Sixth Circuit on July 31, 2001. Plaintiff's petition for writ of *certiorari* was denied November 13, 2001. Although Plaintiff strongly believes that Defendants violated his constitutional rights when it cancelled his small business loan in 1978, he had a full and fair opportunity to litigate that claim and he lost. *Thompson v. SBA*, C-2-88-1054 (S.D. Ohio 1988). This Court found that the instant action was an attempt to collaterally attack the judgment in C-2-88-1054 and dismissed it based on the doctrine of *res judicata*. Plaintiff filed a motion to set aside the judgment (Doc. No. 31), which this Court denied (Doc. No. 35).

(*Id.* at 1.)

This Court has repeatedly examined Plaintiff's claims of fraud, malfeasance, and denial of due process of law. It has repeatedly found that Plaintiff has put forward no evidentiary basis for finding that the judgment in this matter – which was rendered twenty-four years ago – was obtained by fraud. His motion for reconsideration (Doc. 38) is **DENIED**.

s/ _____ 7-9-2012
United States District Judge

2